**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| PAUL CHRISTOPHER MCDONOUGH,  )  <br>           Petitioner,                                  )  <br>                                                        )  <br> v.                                                    )       No. 3:12-CV-4466-P  <br>                                                        )  <br> WILLIAM STEPHENS, Director, Texas     )  <br> Dept. Of Criminal Justice, Correctional   )  <br> Institutions Division,                            )  <br>           Respondent.                             )  | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.      Background**

Petitioner filed this petition pursuant to 28 U.S.C. § 2254.  He argues that Respondent failed to credit him with fifteen days of pre-trial detention.

Petitioner was convicted of possession of less than one gram of methamphetamine and was sentenced to seven months in prison.  *State of Texas v. Paul Christopher McDonough*, No. 1239540D (1st Crim. Ct., Tarrant County, Tex., June 29, 2012).  On January 24, 2013, Petitioner fully discharged his sentence.

**II.     Discussion**

Article III of the Constitution limits federal court jurisdiction to cases and controversies. *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  *Id*. at 396.  When a petitioner does not attack the validity of his conviction but merely contests the imposition and duration of his confinement, the case becomes moot when he is no longer confined.  *Lane v. Williams*, 455 U.S. 624, 631 (1982).

The only relief Petitioner seeks in this petition is a time credit.  Since Petitioner has fully served his sentence, his claims are moot and the Court lacks jurisdiction to consider his petition.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that the petition be dismissed for lack of jurisdiction as moot.

Signed this 12th  day of August, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).